UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STAY@HOME DESIGN LLC, BRIAN ROBINSON, JANET ROBINSON, NED CANNON, and MAURA CANNON,

Plaintiffs,

v.

FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, a foreign insurance company doing business in the State of Washington,

Defendant.

CASE NO. C16-1673-MAT

ORDER FOLLOWING IN CAMERA REVIEW

## INTRODUCTION

On March 24, 2017, the Court ordered defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost") to submit certain documents to the Court for an *in camera* review. (Dkt. 19.) The documents were identified on privilege logs from Foremost and Lether & Associates, PLLC ("Lether"), a law firm hired by Foremost in relation to an insurance coverage claim brought by plaintiffs Stay@Home Design LLC, Brian and Janet Robinson, and Ned and Maura Cannon. (*See* Dkt. 18-1 at 17-25 (Exs. B & C).) The insurance claim related to vandalism that occurred at a house owned by plaintiffs. Foremost denied coverage and this lawsuit, including

ORDER
PAGE - 1

a first-party bad faith insurance claim, followed.  Now, having reviewed the documents remaining at issue in the parties' motions seeking cross-relief under Local Civil Rule 37(a)(2), the Court finds no basis for granting plaintiffs' motion to compel and Foremost entitled to a protective order.

## ANALYSIS

Foremost withheld documents as protected by attorney-client privilege and the work product doctrine.  The Court considers attorney-client privilege pursuant to *Cedell v. Farmers Ins. Co. of Washington*, 176 Wash. 2d 686, 295 P.3d 239 (2013), while the work product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3) and applicable federal case law.  *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611-JLR, 2014 U.S. Dist. LEXIS 78883 at \*23-27 (W.D. Wash. May 27, 2014).  *Accord Barge v. State Farm Mut. Auto. Ins. Co.*, No. C16-0249-JLR, 2016 U.S. Dist. LEXIS 155066 at \*14-15 (W.D. Wash. Nov. 8, 2016) ("Although the attorney-client privilege is a substantive evidentiary privilege, the work product doctrine is a procedural immunity governed by [Rule] 26(b)(3).") (cited sources omitted).

As described in more detail in the Court's prior order, *Cedell* creates a presumption in the context of first-party bad faith insurance disputes in Washington that the attorney-client privilege is unavailable or "generally not relevant." *Cedell*, 295 P.3d at 246.  An insurer may overcome this "presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law." *Id*.  However, even if the presumption is overcome, an insured may pierce attorney-client privilege by showing "'a reasonable person would have a reasonable belief that an act of bad faith has occurred,'" and demonstrating "'a foundation to permit a claim of bad faith [tantamount to civil fraud] to proceed.'" *MKB Constructors*, 2014 U.S. Dist. LEXIS 78883 at \*18

ORDER
PAGE - 2

(quoting *Cedell*, 295, P.3d at 246-47).

The Washington Supreme Court did not, in *Cedell*, "elaborate on what it means for an insurer's act of bad faith to be 'tantamount to civil fraud.'" *Id.* at *14-16. However, in a case relied upon in *Cedell*, the Washington Court of Appeals instructed: "To strip a communication of the attorney-client privilege, the party seeking discovery must show that (1) its opponent was engaged in or planning a fraud at the time the privileged communication was made, and (2) the communication was made in furtherance of that activity." *Barry v. USAA*, 98 Wn. App. 199, 989 P.2d 1172, 1176-77 (Wash. Ct. App. 1999).[1] Neither a mere allegation or claim of bad faith, nor an honest disagreement as to coverage between the insurer and insured, suffices to waive attorney-client privilege. *MKB Constructors*, 2014 U.S. Dist. LEXIS 878883 at *16, and *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611-JLR, 2014 U.S. Dist. LEXIS 102759 at *20 (W.D. Wash. July 28, 2014).

Pursuant to the work product doctrine, a party may not ordinarily discover documents prepared in anticipation of litigation unless the party shows "substantial need" for the materials and the inability to obtain the equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii). To obtain opinion work product, consisting of the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation[,]" Fed. R. Civ. P. 26(b)(3)(B), an insured in a bad faith insurance action must make a showing beyond substantial

---

[1] The plaintiff in *Barry* alleged the insurer failed to adopt and implement reasonable standards for the prompt investigation of claims, did not attempt in good faith to effectuate a prompt and equitable settlement, compelled her to institute litigation or arbitration to recover amounts due by offering substantially less than the amounts ultimately recovered, and failed to timely respond to and act on a claim. *Barry*, 989 P.2d at 1176-77. The appellate court noted that, while those allegations "may be sufficiently supported by the record to establish a prima facie case of bad faith insurance and [Consumer Protection Act] violations, they did not, "in and of themselves, constitute a good faith belief that [the insurer] committed fraud." *Id*. at 1177.

need, and demonstrate the "'mental impressions are *at issue* and their need for the material is compelling.'" *Barge*, 2016 U.S. Dist. LEXIS 155066 at *15-16 (citing *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992), italics in *Holmgren*). "At a minimum, compelling need requires that the information sought is not available elsewhere or through the testimony of another witness." *Id.* at *16.

The Court here concluded an *in camera* review was necessary to determine whether or not the attorneys identified on the privilege logs were engaged in quasi-fiduciary tasks, as well as to consider the documents in relation to plaintiffs' allegation of bad faith. The Court likewise found, with certain exceptions, an *in camera* review appropriate with respect to documents that may be protected as work product even if discoverable under *Cedell*. *See MKB Constructors*, 2014 U.S. Dist. LEXIS 78883 at *27 n.6, and *Johnson v. Allstate Prop. & Cas. Ins. Co.*, No. C 14-5064-KLS, 2014 U.S. Dist. LEXIS 121342 at *7 (W.D. Wash. Aug. 29, 2014) (even if discoverable under *Cedell*, documents may still be properly withheld with a showing they are protected work product under Rule 26(b)(3)). Having now conducted its review, the Court finds no basis for compelling the production of the documents withheld from discovery by Foremost.

As asserted by Foremost, and accurately described on the privilege logs, the documents withheld from discovery involve attorneys acting in the role of coverage counsel, providing advice, analysis, and opinions as to the potential for liability and addressing potential or pending complaints. They do not involve quasi-fiduciary tasks of claim investigation, evaluation, or processing.

Nor is there any basis for piercing attorney-client privilege through the allegation of bad faith. Plaintiffs, in asserting a foundation to permit a bad faith claim tantamount to civil fraud, asserted Foremost acted unreasonably in disregarding significant evidence, denying coverage

ORDER
PAGE - 4

based on unintentional, non-material alleged misrepresentations and without further analysis despite errors identified in the decision to deny, and in relying almost entirely on the statements of a former tenant who ran illegal drug operations out of and squatted in the house at issue in their insurance claim. The Court, however, finds nothing in the attorney-client communications that would lead a reasonable person to have a reasonable belief an act of bad faith occurred, or demonstrating a foundation to permit a claim of bad faith tantamount to civil fraud to proceed. *Cedell*'s civil fraud exception does not apply.[2]

The Court further finds the work product doctrine applicable to the documents also withheld on that basis. (*See* Dkt. 18-1 (Exs. B & C) (attorney-client privilege asserted for every document withheld as work product).) The documents withheld as work product are all dated after plaintiffs' February 22, 2016 twenty-day Insurance Fair Conduct Act (IFCA) claim notice, and support Foremost's contention it reasonably anticipated litigation as of an email ten days earlier threatening the filing of an IFCA claim. (*See, e.g.*, Dkt. 17 (Exs. 6 & 7).) The documents, as described on the privilege logs, entail Lether's correspondence with Foremost or internal Foremost communications regarding responses to plaintiffs' notices and claims, legal demands, and this litigation. (Dkt. 18-1 (Exs. B & C).) Plaintiffs do not demonstrate substantial or compelling need for the production of documents protected as work product.

Finally, four additional documents included in the Court's *in camera* review were properly withheld based on relevancy. (*Id.* (Ex. C) (LETHER 765 (correspondence between Lether and King County regarding ECR online payment) and LETHER 3289-91 (corporate disclosure

---

[2] This ruling is limited to Foremost's assertion of the attorney-client privilege and should not be construed as an indication of the Court's impression regarding the merit or lack thereof of plaintiffs' substantive claims.

ORDER
PAGE - 5

statement in an unrelated case).) There is no basis for compelling the production of these documents.

## CONCLUSION

The Court, in sum, concludes Foremost properly withheld from production all of the documents reviewed *in camera* and declines to order their production. Foremost's motion for a protective order (Dkt. 16) is GRANTED and plaintiffs' motion to compel (*id.*) is DENIED.

DATED this 18th day of April, 2017.

Mary Alice Theiler
United States Magistrate Judge